**STATE of Missouri,
Plaintiff-Respondent,**

v.

**Brian Dennis HUNT, Thomas A. Gremaud, Craig Denton, Robert Lee James, Jr., John William Hirzey, Michael Robert Lathrop, Robert Lee Lawless, and Douglas Wayne Ziegler, Defendants-Appellants.**

No. WD 32494.

Missouri Court of Appeals,
Western District.

Jan. 26, 1982.

Motion for Rehearing and/or Transfer to Supreme Court Overruled and Denied March 2, 1982.

Application to Transfer Denied
April 13, 1982.

Steven G. Gladstone (argued), Gladstone & Matteson, Gary Oxenhandler, Tofle & Oxenhandler, Columbia, for defendants-appellants.

Diane Garber, Pros. Atty., Fulton, for plaintiff-respondent.

Before MANFORD, P. J., and DIXON and NUGENT, JJ.

NUGENT, Judge.

Defendants Brian Dennis Hunt, Thomas A. Gremaud, Craig Denton, Robert Lee James, Jr., John William Hirzey, Michael Robert Lathrop, Robert Lee Lawless, and Douglas Wayne Ziegler appeal the judgments entered after a court-tried case in which each was found guilty of an infraction, trespass in the second degree in violation of § 569.150 [1]. Each was fined ten dollars. We affirm.

In 1980 Union Electric Company had under construction a nuclear power plant on its private property in Callaway County. The defendants without permission entered upon the company's property to demonstrate against the erection and operation of the plant because of the hazards it and nuclear power in general would create. Upon their refusal to heed the company's requests to leave, the defendants were ar-

---

1. All sectional references herein are to sections of the Revised Statutes of Missouri, 1978.

rested and charged with trespass in the second degree.[2]

The defendants' cases were consolidated for trial and submitted to the court on stipulation, defendants having waived jury trial after the court sustained the prosecution's objection to defendants' offer of proof of justification for their entry upon the plant site. The court's rejection of the evidence was based upon its interpretation of the statutes: trespass in the second degree, § 556.016[3], which defines "crimes" but does not include a definition of "infraction", and § 563.026[4], which makes justification available as a defense to one charged with most "crimes".

Defendants' offer of proof included the testimony of defendant Hunt. His testimony would have shown his state of mind, one of fear based upon his knowledge of the dangers of nuclear power and the plant. He also offered to prove that his fear was reasonable and that the rising plant was an immediate hazard. Defendants also offered the testimony of a nuclear physicist to prove that the design and methods of construction of the plant created a hazard and an emergency situation at the time of the entry on the plant site. In addition, defendants raised constitutional grounds to support the availability to them of the justification defense.

The defendants now contend that, in denying them the defense of justification, the trial court committed error in three ways: First, the proffered evidence was relevant to the defense of justification, a defense available to them because the word "crime" in § 563.026 includes "infractions". Second, § 563.026 has been superseded by Rule 19.08. Finally, precluding the use of the justification defense violated defendants' equal protection and due process rights under both the United States Constitution and Missouri Constitution by creating without a rational basis a classification of offenses (infractions) for which the justification defense is not available.

■ No evidentiary question is presented for review. Our concern on appeal is to determine if a correct result was reached. "[I]f the trial court reached a correct decision on the issue presented it is immaterial that the court may have assigned an erroneous or insufficient reason for the action taken." *State v. Garton*, 371 S.W.2d 283, 290 (Mo.1963); *State v. Csolak*, 571 S.W.2d 118, 122 (Mo.App.1978); and *State v. Haynes*, 482 S.W.2d 444, 448 (Mo.1972).

**2.** 569.150. *Trespass in the second degree*

1. A person commits the offense of trespass in the second degree if he enters unlawfully upon real property of another. This is an offense of absolute liability.

2. Trespass in the second degree is an infraction.

**3.** 556.016. *Classes of crimes*

1. An offense defined by this code or by any other statute of this state, for which a sentence of death or imprisonment is authorized, constitutes a *"crime"*. Crimes are classified as felonies and misdemeanors.

2. A crime is a *"felony"* if it is so designated or if persons convicted thereof may be sentenced to death or imprisonment for a term which is in excess of one year.

3. A crime is a *"misdemeanor"* if it is so designated or if persons convicted thereof may be sentenced to imprisonment for a term of which the maximum is one year or less.

**4.** 563.026. *Justification generally*

1. Unless inconsistent with other provisions of this chapter defining justifiable use of physical force, or with some other provision of law, conduct which would otherwise constitute any crime other than a class A felony or murder is justifiable and not criminal when it is necessary as an emergency measure to avoid an imminent public or private injury which is about to occur by reason of a situation occasioned or developed through no fault of the actor, and which is of such gravity that, according to ordinary standards of intelligence and morality, the desirability of avoiding the injury outweighs the desirability of avoiding the injury sought to be prevented by the statute defining the crime charged.

2. The necessity and justifiability of conduct under subsection 1 may not rest upon considerations pertaining only to the morality and advisability of the statute, either in its general application or with respect to its application to a particular class of cases arising thereunder. Whenever evidence relating to the defense of justification under this section is offered, the court shall rule as a matter of law whether the claimed facts and circumstances would, if established, constitute a justification.

3. The defense of justification under this section is an affirmative defense.

According to subsection 1 of § 569.-150, trespass in the second degree "is an offense of absolute liability". The Comment to 1973 Proposed Criminal Code makes the following observations:

If a person enters or remains on the real property of another without license or privilege he is guilty of trespass in the second degree under § 569.150. . . . In other words the state need not prove the defendant was culpable. . . . It is not a crime, but is an infraction and the only penalty is a fine. Although absolute liability is not in general sanctioned in the Code, it is included here because the Committee felt that a person travels at his own risk when entering real property. . . . The committee felt that no prosecutor would charge totally innocuous intrusions.

In their brief defendants argue that the " 'absolute liability' provision deals with the lack of any requirement upon the State to prove that the defendant acted knowingly, which has nothing to do with the availability of defenses, particularly, the defense of justification." They cite no authority for that proposition, and we find no authority that would relieve the state of the duty of proving a defendant's intent but, at the same time, burden the state with proving that a defendant's motive was unjustified. On the contrary, in cases of strict liability, motive is irrelevant and immaterial.

In *Haggerty v. St. Louis Ice Manufacturing & Storage Co.*, 143 Mo. 238, 44 S.W. 1114, 1116 (Mo.1898), the court held that:

The offense prohibited by section 3902 is a misdemeanor, and in such case the intention of the misdemeanant cuts no figure in the case, since in that class of crimes intention constitutes no element of the offense. It is the act done, and that alone, which violates the law, *and the motive which prompts the violation is altogether dehors the crime committed.* This point is illustrated by various adjudications respecting the sale of liquors to minors and the marriage of minors, supposing the parties in each case to be of age, etc. 1 Whart.Cr. Law (9th Ed.) pp.

35, 113, 115, §§ 23a, 88, and cases cited; *Howell v. Stewart*, 54 Mo. [400] loc. cit. 404. In this case the statute makes no exceptions to the rigid rule which it prescribes. The acts therein mentioned are unconditionally and absolutely forbidden, and this is so because the legislature doubtless thought that the best way of accomplishing the result they desired and the only means of attaining it. They therefore resorted to arbitrary prohibition. Had scienter been required by the statute, its very object would have been defeated, as scienter would be in the majority of instances impossible of proof. 1 Whart.Cr. Law (9th Ed.) p. 117, § 88. It was to prevent the easy evasions of the statute that the law was passed in its present shape; and on this ground it is analogous to statutes prohibiting the manufacture or sale of oleomargarine. (Emphasis added.)

*See also State v. Gordon*, 536 S.W.2d 811, 818 (Mo.App.1976), where the court, finding that § 195.020, which controls the distribution of controlled substances, requires no knowledge or criminal intent, concluded that the defendant's motive was irrelevant.

In this case, therefore, the classification of trespass in the second degree as an infraction is of no moment one way or another in admitting evidence of justification. The legislature precluded that defense by denominating this degree of trespass an offense of "absolute liability".

Defendants' contention that Rule 19.08 supersedes § 563.026, a doubtful proposition, avails defendants nothing in any event because in this case, as we have just said, the defense of justification was not available to defendants.

Likewise, in view of our holding that the second degree trespass statute is, as the legislature intended it to be, a statute imposing absolute liability, defendants' final argument must fail. We do not address the question whether in another and proper case an "infraction" might not indeed be a "crime" within the meaning of the justification section thereby making the justification defense available in the case of

charges of another kind of infraction. In this case, however, that question was foreclosed by the legislature which imposed strict liability upon certain trespassers.[5] Moreover, the comment of the Committee to Draft a Modern Criminal Code quoted above amply demonstrates the rational basis for imposition of strict liability. Obviously, the drafters and the legislature intended to provide for those de minimis situations not worthy of criminal prosecution which nevertheless require occasional minimal state action.

Accordingly, we affirm the judgment of the trial court.

All concur.

## ON MOTION FOR REHEARING

### PER CURIAM.

In their continuing diligent and conscientious efforts counsel for the defendants have filed a motion for rehearing or, in the alternative, transfer of the cause to the Missouri Supreme Court. Although we hereby overrule and deny the motion, defendants raise one point which, we believe, merits specific response. They note that the opinion of this court omits reference to the words "enters unlawfully" in § 569.150. They direct the court's attention to § 569.-010(8), where the term "enter unlawfully" is defined in the following language:

> a person "enters unlawfully or remains unlawfully" in or upon premises when he is not licensed or privileged to do so. A person who, regardless of his purpose, enters or remains in or upon premises which are at the time open to the public does so with license and privilege unless he defies a lawful order not to enter or remain, personally communicated to him by the owner of such premises or by other authorized person.

The defendants argue that "in spite of the fact that trespass in the second degree is called an offense of absolute liability, it contemplates the availability of defenses, namely license and privilege".

 Of course, the stipulated facts preclude the possibility that defendants were either licensed or privileged to enter the property. We understand defendants to invoke that argument to show, however, that § 569.150 is in fact not one of absolute liability for the simple reason that § 569.-010 makes available to an accused the defenses of license and privilege. We find that § 569.150 contemplates no defenses. The elements of the offense of trespass in the second degree include the unlawful entry. If the defendant has a license or a privilege to be on the property, the entry cannot be unlawful and, therefore, no offense has been committed. Proof of license or privilege is not an affirmative defense but merely evidence disproving one of the essential elements of the prosecution's case. *See State v. Hubbard*, 351 Mo. 143, 171 S.W.2d 701, 706 (1943).

The other matters raised in defendants' motion constitute "[m]ere reargument of issues determined by the opinion" and must be disregarded. Rule 84.17.

---

**5.** Defendants do not seem to quarrel with the well established rule that the legislature may constitutionally create liability for certain crimes without regard to knowledge and intent. *Smith v. California*, 361 U.S. 147, 150, 80 S.Ct. 215, 217, 4 L.Ed.2d 205, 209 (1959); *State v.* *Napolis*, 436 S.W.2d 645, 647–48 (Mo.1969); *State v. Page*, 395 S.W.2d 146, 149 (Mo.1965). A fortiori, the legislature may impose absolute and strict liabilities for minor offenses without regard to motivation for the offending conduct.