**Jimmy HOUSTON, Plaintiff-Appellant,**

v.

**GROTH ENTERPRISES, INC., et al.,
Defendants-Respondents.**

No. 47056.

Missouri Court of Appeals,
Eastern District,
Division Four.

May 1, 1984.

George D. Johnson, St. Louis, for appellant.

Donald H. Whaley, Clayton, for respondents.

GAERTNER, Presiding Judge.

Plaintiff appeals from an adverse judgment in this court-tried case for breach of contract. We affirm.

The cast of characters and the role played by each is crucial to the ultimate issue of agency presented by this case. Plaintiff, an orchestra leader, negotiated a contract with one Kenny James pursuant to which plaintiff was to furnish music at a promotional show held at the St. Louis Art Museum on March 15, 1981. Kenny James, known by plaintiff from prior dealings, was a producer and promoter of musical shows. He conducted this business under the name of Irredescent Productions. Virginia Groth was the manager and an officer of Groth Enterprises, Inc., a regional representative of North-Midwest Jewels, Inc., d/b/a Celebrity Fashion Jewels, Celebrity Jewels, Celebrity Fashions, Celebrity Fashion Jewelry (hereinafter Celebrity). Lillian Vann, a singer, was self-employed as a manager of Groth Enterprises, Inc. The ultimate goal of the companies was selling jewelry. Celebrity was the jewelry supplier. Groth managed managers, whose function was to recruit directors who would hold private parties at which jewelry would be sold to invitees. Presumably, commissions would be paid up and down the line. Vann, during her five years as a manager, had put on a number of fashion shows through which she publicized her product and recruited directors to hold sales parties. The cost of such shows had always been Vann's responsibility except that Celebrity would bear the cost of printing programs, brochures, and advertising materials.

The origin of the idea for the Art Museum concert is not clear from the record. However, James approached plaintiff seeking to employee him and seventeen musicians to play at the concert at which Vann was to be the featured singer. A contract was executed by plaintiff and James, the latter signing as agent for "Irredescent Productions—Celebrity Jewelry." Vann made arrangements with Groth for the printing of programs captioned "Celebrity Fashion Jewels Presents Lillian Vann In Concert." Other than being introduced to each other, James and Groth never met or talked. Vann and plaintiff, although members of the same church and, thus, prior acquaintances, met only to discuss the music at the concert. Plaintiff concluded that Celebrity was responsible for all costs of the concert because James told him Celebrity was the sponsor and because Celebrity's name was used on the program and in advertising.

Only $200 of plaintiff's $3,500 claim was paid by James and this suit was instituted to recover the balance. James, North-Midwest and the various Celebrity names, and Groth and her company were all named as defendants. James was never served and did not appear at trial. Plaintiff dismissed without prejudice as to him. Groth entered an appearance on behalf of the other named defendants.

The trial court found that plaintiff failed to prove an agency relationship between James and any of the remaining defendants. In a single point on appeal, plaintiff seems to contend that the court erred in failing to hold that the defendants, by permitting their names to be used, expressly or impliedly authorized James to act as their agent and that they are estopped to deny his apparent authority.

A plaintiff who relies upon the authority of an agent has the burden of proof regarding both the fact of the agency relationship and the scope of the agent's authority. *Philp v. Minnesota Mutual Life Insurance Company*, 657 S.W.2d 679, 682 (Mo.App.1983). This burden cannot be met by the use of the agent's declarations alone, *Stram v. Miller*, 663 S.W.2d 269, 275 (Mo.App.1983), nor can apparent authority be based upon the ostensible agent's unauthorized claims of authority. *Inland USA v. Reed Stenhouse, Inc.*, 660 S.W.2d 727, 733 (Mo.App.1983). Plaintiff's evidence is totally devoid of any competent testimony tending to show any relationship between James and any of the defendants. Statements made by James to plaintiff were received by the trial court in this jury-waived case over defendants' properly preserved objections only because of Rule 73.01(a)(1). Even if these statements were sufficient for one to infer James was authorized to act for defendants, agency cannot be established by declarations of the purported agent. *Stram* at 275. Testifying as a part of plaintiff's case, Groth denied ever seeing the contract or having knowledge the name "Celebrity Fashions" had been written onto the contract. She never authorized James to act on behalf of

any of the corporations; the only word she ever said to him was "hello" upon being introduced on a single occasion. Plaintiff utterly failed to prove an express agency.

Nor can any agency between James and the defendants be implied from the conduct of Groth. Agency may be created by implication from facts and circumstances for which the principal is responsible, facts giving rise to the implication that the principal intended to create the agency. *Stram* at 274. Such an implication may be found from a knowing acquiescence by the principal in the prior acts of the agent. *Springfield Television, Inc. v. Gary*, 628 S.W.2d 398, 403 (Mo.App.1982). But Groth had no knowledge that Celebrity's name was written onto the contract nor that James was purporting to act as an agent for Celebrity. No implied agency is shown by plaintiff's evidence.

Likewise, plaintiff's proof is deficient in establishing apparent authority, which arises where the principal places an agent in a situation where persons of ordinary prudence are justified in presuming the agent has authority to act. In such a situation, the principal is estopped to deny the agent's authority. "The key to apparent agency is its creation by the principal." *Stram* at 275. Groth did not convey to plaintiff that James was authorized to act on her behalf or that of the corporate defendants. Plaintiff and Groth never met nor did she in any manner clothe James with any indicia of authority or representation whatsoever.

The only competent evidence plaintiff produced to show any connection between the concert and these defendants was the use of the name "Celebrity Fashions" on the program and in advertising. We find no fault with the trial court's conclusion that this did not establish an express, implied, or apparent authorization by defendants to be bound by the acts or statements of James.

The judgment of the trial court is affirmed.

SMITH and STEPHAN, JJ., concur.