**ST. LOUIS COUNTY, Respondent,**

v.

**John RYAN, et al., Appellants.**

No. 52410.

Missouri Court of Appeals,
Eastern District,
Division One.

Oct. 27, 1987.

David O. Danis, St. Louis, for appellants.

Thomas W. Wehrle, Co. Counselor, Robert E. Fox, Jr., Asst. Co. Counselor, Clayton, for respondent.

CRIST, Judge.

Defendants appeal from convictions for violations of St. Louis County ordinances § 716.150 and § 701.110 (1974) for trespass and interfering with a police officer performing his duty. Defendant Ryan was fined $500 plus costs for each violation for a total of $1,000 plus costs. Defendants Shaw, Armstrong, Dunn, Floyd, McDonald, Sisson and Stone were fined $250 plus costs for each violation for a total of $500 plus costs for each defendant. We affirm.

The Regency Center is owned by Mr. and Mrs. Alfred Fleischer and is managed by Alfred Fleischer, Jr. On October 19, 1985, defendants entered the Women's Health Center, (hereinafter Center), a tenant of the Regency Center, for the purpose of dissuading the women at the Center from having abortions.

Defendants forced their way past Center employee Christine Erwin and refused to leave the Center when Erwin told them to do so. Erwin then asked another employee to call the police and report the trespass, which she did. Defendants proceeded to harass the employees and patrons of the Center. A short time later Sergeant Vohsen of the St. Louis County Police arrived. He asked defendants to move on and they refused. Sergeant Vohsen next placed defendants under arrest, but they refused to leave under their own power so the police officers were required to physically carry them to the police van.

On appeal, the decree of the trial court will be sustained unless there is no substantial evidence to support it. In considering the sufficiency of the evidence to support a conviction, we view the evidence in a light favorable to the prosecution and consider the favorable inferences reasonably drawn therefrom; evidence to the contrary will to be rejected. *City of Kansas City v. Oxley*, 579 S.W.2d 113, 115 (Mo. banc 1979). We do not weigh the evidence. That is a function for the trial court. *State v. Strong*, 484 S.W.2d 657, 661 [10] (Mo.1972).

Defendants assert the county failed to prove them guilty of trespass under § 716.150. They propose the county was required to prove they entered upon real estate without the consent of the owner *and* they failed to leave when requested to do so by an authorized agent of the owner. We disagree.

The county ordinance states:

No person without lawful authority, or without the expressed or implied consent of the owner or his agent, shall enter any building or enter on any enclosed or improved real estate, lot or parcel of ground in St. Louis County; *or* being upon the land of another, shall fail or refuse to leave the same when requested so to do by the person lawfully in possession thereof, his agent or representative. (Emphasis added.) Section 716.150 SLCRO, as amended.

The informations charge defendants entered Regency Center without the consent of the owner *and* refused to leave when requested to do so. Thus the ordinance lists the acts constituting trespass in the disjunctive, but the informations charge defendants with both acts in the conjunctive.

When a statute denounces an offense that may be committed in more than one way, the offense can be charged in a single count by replacing the disjunctive in

the statute with the conjunctive. Proof of the offense by any one of the acts is sufficient for conviction. *State v. Church*, 636 S.W.2d 703, 704 [1] (Mo.App.1982). Therefore, proof defendants either entered upon the real estate without the owner's consent or refused to leave when requested to do so by the owner or his agent was sufficient to convict defendants of violation of § 716.150 SLCRO.

■ The assistant county counselor was apparently confused regarding the county's burden of proof, since he stated the county had to prove both allegations to prove defendants guilty of trespass. However, defendants were not prejudiced by the counselor's mistake, instead it had the effect of increasing the burden on the county at the trial court level. The defendants were not misled by the counselor's statement as to the issues at trial. All the issues were argued and briefed on appeal. For these reasons, we regard any potential error as harmless.

■ Alfred Fleischer, Jr., manager of the Regency Center, testified he instructed the tenants of the building to request trespassers to leave voluntarily, and if they refused, to contact the police and have them removed. He was given the authority to do this from the owner, Alfred Fleischer, Sr.

Dr. Escobedo, the president of the Center, was the lessee of the premises. He testified he gave his employee, Christine Erwin, authority to ask trespassers to leave. Ms. Erwin testified she told defendants to leave and they refused. Therefore, it is clear there was substantial evidence to find defendants failed and refused to leave the premises when asked to do so by the authorized agent of the owner. Defendants' conviction for trespass is affirmed.

■ Defendants' only other point on appeal is that § 701.110 is void and unenforceable because it violates the vagueness doctrine. To raise and preserve a constitutional issue for appeal, it must be raised at the first opportunity; the section of the constitution claimed to be violated must be specified; the question must be preserved throughout the proceedings; and it must be adequately covered in the briefs. *State v. Tatum*, 653 S.W.2d 241, 243 [2] (Mo.App. 1983); *Ortega v. Ortega*, 695 S.W.2d 162, 163 [2] (Mo.App.1985).

Defendants did not raise this issue in their motion to dismiss. Counsel for defendants did mention it at one point in the trial in an objection to the court while they waited for a witness to take the stand. The objection was overruled. The argument was not a part of defendants' motion for a "directed verdict," and was not mentioned again until defendants' brief on appeal was filed. Thus, the issue was probably not raised at the first opportunity. Even if we assume that the issue was properly raised at the first opportunity, defendants did not preserve the issue throughout the trial. This court only has jurisdiction to resolve issues that are preserved for appeal. Therefore, we have no authority to resolve this issue.

Judgment affirmed.

GARY M. GAERTNER, P.J., and REINHARD, J., concur.