ST. LOUIS COUNTY,
Plaintiff–Respondent,

v.

Diane E. STONE and Elizabeth W.
McDonald, Defendants–Appellants.

No. 55712.

Missouri Court of Appeals,
Eastern District,
Division One.

Sept. 12, 1989.

Jerry J. Murphy, Danis, Reid, Murphy, Garvin, Tobben, Schreiber & Mohan, St. Louis, for defendants-appellants.

Lisa Randie Rattner, Clayton, for plaintiff-respondent.

SIMEONE, Senior Judge.

The appellants, Diane E. Stone and Elizabeth W. McDonald, were arrested, tried and convicted of violating St. Louis County Revised Ordinance, § 716.150 prohibiting trespasses upon any building or real estate in St. Louis County without lawful authority or without the expressed or implied consent of the owner. Diane Stone was sentenced to six months, but placed on probation for two years; Elizabeth W. McDonald was also sentenced to six months but not granted probation. They appeal. We reverse.

The pertinent St. Louis County ordinance provides:

No person without lawful authority, or without the expressed or implied consent of the owner or his agent, shall enter any building or enter on any enclosed or improved real estate, lot or parcel of ground in St. Louis County, or being upon the land of another, shall fail or refuse to leave the same when requested to do so by the person lawfully in possession thereof, his agent or representative. Section 716.150 SLCRO, as amended.

Pursuant to this ordinance, both appellants were arrested on February 23, 1987 when they were on the business premises of the Regency Park Center located at 13975 Manchester Road, an unincorporated area of St. Louis County.

The Regency Park Center is owned by Mr. Alfred J. Fleischer. It is a one story brick building with entrances front and back. Both the front and back, as well as one of the sides have parking lots around it. "It's sort of 'U' shaped." It is essentially an office building containing several businesses with offices that "front onto a common atrium or hallway." The center is 60–65% occupied with various businesses including a dentist's office, a computer service "outfit," a doctor's clinic and an OB-GYN clinic.

On February 23, 1987, Diane Stone, according to the testimony of the arresting police officer, "was standing on the sidewalk leading to the front door—the sidewalk between the parking lot and the front door of the [abortion] clinic" when the officer, having earlier received a call regarding an assault and trespassing, advised Ms. Stone that she was trespassing and would have to leave. Ms. Stone said she wouldn't leave, so the officer placed her under arrest for trespassing. Ms. McDonald was arrested inside the building when she was told to leave and said that she would not do so. There is no evidence that either woman was inside any of the businesses, including the abortion clinic.

Informations charging the two women with trespassing in violation of the county ordinance,[1] were filed on February 26, 1987.

On September 19, 1988, the cause was tried before the associate circuit judge without a jury. Two witnesses were called by the County—the owner of the Regency Park Center, Mr. Alfred J. Fleischer and the arresting police officer Jerry Kirk. The appellants did not testify. No witnesses testified for the defense. The employee of the clinic did not testify.

The thrust of all of the evidence of the county's case was that the defendants were on the premises of the Regency Park without lawful authority or the express or implied consent of the owner. The prosecution did not, although the information so charged, prosecute the cases on the theory that the defendants trespassed upon the property because of their refusal to leave after having been requested to do so by the owner or an agent or representative of the owner.[2]

---

1. The information charged that the defendants entered upon the parcel of ground known as 13975 Manchester without the express or implied consent of the owner and did refuse to leave said property when requested to do so by Christine Erwin, the representative of the owner. The case was not tried on this theory.

2. During the examination of Mr. Fleischer both the assistant county counselor and trial defense counsel informed the court that the only thing that was attempted to be shown was that the defendants were on the premises without the express or implied consent of the owner. Both the assistant county counselor and defense counsel stated to the court "We are not going to get into refusal to leave." The case was present-

During the trial, Mr. Fleischer testified that his building was primarily an office building and some clinics, and that "no trespassing" signs and an injunctive order were placed on the property. He testified that he never gave the defendants express permission to come upon the property and did not "say anything" or "do anything" to cause "specific people to believe they could enter the premises", thus giving implied consent. He testified that he posted the property with notices because "I've been in this court about twenty times, I guess, on this issue with different folks." He was not sure whether he had seen both defendants before. But he had seen Ms. McDonald before. Hence, he stated that he acted in order to lead "certain individuals" to know that they did not have his consent "expressed or implied."

The police officer testified that on the morning of February 23, 1987 at about 7:45 a.m., he was working in a marked patrol unit and received a call for assault and trespassing at the Center. When he arrived at the Center, he pulled to the parking lot in front of the building and witnessed Ms. Stone and an employee of the clinic apparently "having words." "Upon my arrival, Miss Stone started to walk away from the building," towards the officer. She was standing on the sidewalk between the parking lot and the front door of the clinic and he advised her that she was trespassing and would have to leave. She refused. He placed her under arrest for trespassing. He then proceeded inside the building. He saw Ms. McDonald come in through the back door. She was inside the "building." He testified that he was told an "altercation" had occurred between McDonald and an employee. He advised McDonald to leave because she was trespassing. When she said she would not, he placed her under arrest.

Based upon his testimony, the court found the defendants guilty of trespassing in violation of the County Ordinance.

In a colloquy following the trial, the court indicated it would fine the defendants $500 and place them on probation. Ms. McDonald refused probation. After the court recessed the sentencing, and received a presentence report which indicated that the defendants had several prior offenses, the defendants were sentenced to six months.

In due time they appealed.

Appellants contend that the trial court erred in finding them guilty of trespass because the evidence was insufficient to prove beyond a reasonable doubt that they were guilty of trespass under the county ordinance in that the evidence was insufficient to show that they entered the property without lawful authority or without the express or implied permission of the owner. They further contend that the sentences were unduly harsh considering the facts and the offense charged.

Where the sufficiency of the evidence is at issue, the court must review the record in the light most favorable to the judgment and to determine whether there is substantial evidence to reasonably support a submissible case of trespass. *State v. Barrett*, 710 S.W.2d 489, 491 (Mo.App.1986).

Having reviewed the total record in this cause, we believe that the appellants' first point is well taken. Under the unique facts of this trespass case, we hold that the evidence is insufficient, beyond a reasonable doubt, to conclude that the defendants were guilty of trespassing upon a common area of a business facility open to the public.

■ We deal here with an alleged violation of a county ordinance. The scope of review in a criminal or "quasi-criminal" proceeding such as this extends only to a determination of whether there is sufficient substantial evidence to support the conviction, and the violation must be proved beyond a reasonable doubt. *City of Kansas City v. Oxley*, 579 S.W.2d 113, 115 (Mo. banc 1979); *City of Cape Girardeau v.*

ed, therefore, on the basis of the first half of the ordinance—"no person without lawful authority, or without the expressed or implied consent

of the owner or his agent, shall enter any building '...'"

*Jones*, 725 S.W.2d 904, 907 (Mo.App.1987). When liberty is at stake, it is incumbent that a finding of guilt must be beyond a reasonable doubt. *Oxley, supra,* 579 S.W.2d at 115.

▮ Taking the evidence presented most favorably to the County, the evidence showed that: (1) the appellants did not have the express consent of Mr. Fleischer, the owner of the Center to enter either the building or the parking lot, (2) there were "no trespassing postings" on the property because the owner had "been in court about twenty times on this issue with different folks," but the evidence does not show where they were located, or whether the appellants were aware of them, (3) the owner led "certain individuals" to know that they did not have his consent express or implied, (4) an injunctive order was placed on the "building", but there is no evidence as to where it was posted or whether the appellants were aware of it, (5) the owner gave policemen permission to enter the premises to deal with whatever problems they perceived, (6) the owner had seen one of the appellants before on the premises, (7) Officer Kirk witnessed Ms. Stone and an "employee" of the clinic "apparently having words," (8) Officer Kirk testified that Ms. Stone was standing on the sidewalk and advised her she was trespassing and asked her to leave; when she said she would not, she was placed under arrest for trespassing; (9) Officer Kirk arrested Ms. McDonald in a common area—the atrium—the building after she refused to leave.

There was no evidence of any boisterous conduct, injury, threats, blocking of entrances, other persons arrested nor conduct that the appellants exceeded the restricted or limited conditions of implied consent to be on the premises. It is of note that the employee of the clinic did not testify.

All of these events took place on the parking lot or in a building open to the public, in a common area and not inside any of the particular businesses or the abortion clinic. Under such circumstances, we believe that, under the authorities, the evidence is insufficient to show trespass because under the facts the appellants entered with the implied consent of the owner. A trespass is an invasion which constitutes interference with possession. This historical requirement has persisted to the present day. Prosser & Keeton, *Torts,* 70 (5th ed. 1984).

Although numerous decisions have held that trespassers who enter onto private premises, private businesses or private utilities for purposes of public demonstration or protest can properly and legitimately be found guilty of trespass, that is not the situation here. *See* Annot., 41 A.L.R.4th 774 (1985); *State v. Hunt,* 630 S.W.2d 211 (Mo.App.1982)—construction site of a nuclear power plant; *State v. Levering,* 661 S.W.2d 792 (Mo.App.1983)—crossing barricades of nuclear plant; *St. Louis v. Klocker,* 637 S.W.2d 174 (Mo.App.1982)—trespassers entered abortion clinic; defense of necessity rejected.

▮ When a business, or public facility is involved and a portion thereof is open to the public, we believe that a person who enters an area open to the public at a reasonable time and in a reasonable manner, has the implied consent of the owner to enter the premises under a limited privilege, and as long as the privilege, based upon implied consent, is within the conditional or restricted consent of the owner to enter, the implied consent remains. So long as there is no substantial evidence of the stay being prolonged, boisterous conduct, breach of the peace, blocking of entranceways, interference with the public, picketing, or other conduct which would revoke the implied consent of the owner by acts inconsistent with the purposes of the business or facility, there is no trespass until such conduct by the person occurs or the person is requested to leave by an agent or representative of the owner or possessor and refuses to do so. *Cf.* Restatement (Second) Torts, §§ 168, 191 (1965). The County's evidence did not show a violation of either one of the two alternative prongs of the ordinance.

▮ In such instance where a person enters a public or common area, there is no intrusion or trespass because the person is

clothed with the implied consent of the owner or possessor of the property. Restatement (Second) Torts, §§ 167, 892. It would be ludicrous for a member of the public to seek out the expressed consent of the owner to enter an area already open to the public.[3] Implied consent may be shown from custom, usage or conduct, and it continues until revoked as stated above. *See* 75 Am.Jur.2d, Trespass § 41 at 36–37 (1974); *Boling Concrete Construction Company, Inc. v. Townsend*, 686 S.W.2d 842, 843 (Mo.App.1985); *Sinopole v. Morris*, 743 S.W.2d 81, 86 (Mo.App.1987).

This case is quite dissimilar to *St. Louis County v. Ryan*, 738 S.W.2d 951 (Mo.App. 1987). There, defendants forced their way past a Center employee and refused to leave when the employee told them to do so. The police were called and an officer requested the defendants to move on and they refused. The officer then placed those defendants under arrest. In that case, the same employee involved in this case, testified that she told the defendants to leave and they refused. The employee, here, was not called.

This case is also unlike *City of Cape Girardeau v. Jones, supra.* There several appellants pushed through the offices of a clinic and were adequately informed of being in violation of the trespass ordinance and deliberately remained on the premises. The appellants were identified by police officers. The appellants admitted being present. The employees requested them to leave and the police addressed the appellants both as a group and individually that they were in violation of law. Under those facts, this court held the evidence sufficient.

■ It may well be that a person who enters a business or other facility open to the public may be guilty of trespass when the persons using property to which the public is allowed access, use the property in a manner not reasonably related to the purpose for which the owner holds it open to the public. Restatement (Second) Torts,

§ 168; *see In re Lundgren*, 189 Cal.App.3d 381, 236 Cal.Rptr. 307 (Cal.App. 4 Dist. 1987). But the County's case is deficient because it does not show beyond a reasonable doubt, that the appellants engaged in any conduct, except by inference, which revoked the implied consent. The fact that the defendants were present at the Center to counsel a friend not to have an abortion was not a part of the County's evidence but was revealed in discussion with the court after the cause was tried and the defendants found guilty. These facts were not part of the County's case.

The fact that there was a "no trespass" sign somewhere in the Center is of no substantial significance in this case, unless it is shown that a person violates the condition of being on the premises.

Recognizing the principle that, in this type case, the County is required to adduce sufficient, substantial evidence to show guilt beyond a reasonable doubt, we believe that the evidence did not rise to that high level.

The judgments of conviction are therefore reversed.

GARY M. GAERTNER, P.J., and CRIST, J., concur.

---

3. "... (2) If words or conduct are reasonably understood by another to be intended as cnsent, they constitute apparent consent and are as effective as consent in fact." Restatement (Second) Torts § 892(2).