ST. LOUIS COUNTY,
Plaintiff/Respondent,

v.

Elizabeth M. McDONALD,
Defendant/Appellant.

No. 57731.

Missouri Court of Appeals,
Eastern District,
Division One.

Oct. 30, 1990.

Daniel Thomas Glowski, St. Louis, for defendant/appellant.

Robert E. Fox, Robert H. Grant, Clayton, for plaintiff/respondent.

GRIMM, Judge.

Defendant was convicted in a bench trial of violation of a St. Louis County ordinance of trespassing. On appeal, she raises two issues. First, she challenges the sufficiency of the evidence. Second, she claims the county ordinance is invalid because it conflicts with state law. Finding no error, we affirm.

### I. Factual Background

Rule 27.01(b) provides in jury-waived trials that the findings of the court "shall have the force and effect of the verdict of a jury." "Hence, we will affirm that finding if it is supported by substantial evidence." *State v. Ruff,* 618 S.W.2d 722, 723 (Mo. App.E.D.1981). "We consider as true the evidence most favorable to the state together with all reasonable inferences therefrom, disregarding evidence and inferences to the contrary." *State v. Isom,* 660 S.W.2d 739, 740 (Mo.App.E.D.1983).

Alfred J. Fleischer and his wife are the owners of a tract of land located at 13975 Manchester Road in St. Louis County. The tract contains an office building with approximately ten tenants and a parking lot. The tenants' office hours are generally from 8:00 or 9:00 a.m. to 5:00 or 6:00 p.m.

There are two entries into the parking lot. Signs are posted at each entry. The signs say "No trespassing. Business pa-

trons are permitted on this property. All others will be trespassing and prosecuted."

A trash dumpster is located at the rear of the parking lot. The dumpster is surrounded by a picket fence.

Around 9:30 p.m., on March 11, 1988, Police Officer Gregory Holt saw a set of car brake lights come on at the parking lot; he did not see any headlights from the vehicle. Knowing the office building was closed, and that acts of vandalism had occurred there in the past, he and Police Officer Roger Ferrell drove to the parking lot.

When they arrived, there was only one car on the parking lot. The two officers walked over to the dumpster and observed defendant in the dumpster.

The officers observed that the back of defendant's car was open, and it contained trash bags. Defendant told the officers "she was getting trash out of the dumpster."

Both officers recognized defendant. They had seen her before at the same address and had had complaints about defendant's activities on this property before. Officer Ferrell said defendant had been arrested "numerous times" for trespassing at that location, "in the area of 15 times." He "was very familiar" with her.

Both officers had, on previous occasions, heard employees of businesses at the office building tell defendant to leave, "that she was trespassing." Mr. Fleischer testified defendant has been "on the property many times, because she had been arrested many times." In response to defense counsel's question to Mr. Fleischer, "Sir, have you ever denied permission, expressly, to [defendant] to enter your parking lot?", he responded "Yes, by this Court's order." Mr. Fleischer indicated he was referring to two injunctions issued by Judges Campbell and Voorhees. He indicated that he had previously been a witness against defendant. In addition, Officer Ferrell had warned her to stay off the property.

## II. Sufficiency of Evidence

In her first point, defendant claims trial court erred in finding her guilty because the county "failed to prove beyond a reasonable doubt that [defendant] lacked the expressed or implied consent of all of the owners of the property and their agents." She contends the "major defect" was the failure of the county "to prove lack of expressed consent [by calling] the co-owner of the property, the tenants, the janitorial service or the trash hauler."

Defendant has not cited any case which requires all owners and tenants of a building to testify that a defendant did not have their consent to enter onto real estate. Nor has our research found any such case or authority.

■ Trespass in the first degree is a lesser included offense of burglary in the second degree. *State v. Davis*, 625 S.W.2d 903, 905 (Mo.App.W.D.1981). We therefore look for guidance to burglary cases.

■ In burglary cases, informations set out ownership of the premises in order "to show (1) that they are not those of the defendant and (2) to identify the offense so as to protect a defendant from subsequent prosecution for the same offense." *State v. Donnell*, 598 S.W.2d 569, 571 (Mo.App. W.D.1980). With such limited purposes, the fact defendant was charged with burglary of Jesse George's building, and the evidence showed George owned no such building but only occupied it, was sufficient. *State v. Brim*, 339 S.W.2d 775, 778 (Mo.Div. 1 1960).

Common sense and basic logic dictate that neither the State or the county should have to have all owners and tenants of a building testify a defendant did not have permission to enter a building. If such were required, it would be virtually impossible to prosecute a defendant for burglary or trespass of any large office building which has numerous tenants.

Defendant also argues that under *St. Louis County v. Stone*, 776 S.W.2d 885 (Mo.App.E.D.1989), the county "failed to prove lack of implied consent." We disagree. In *Stone*, we said "Under the *unique* facts of this trespass case, ... [the evidence was insufficient to find defen-

dants] guilty of trespassing upon a common area of a business facility open to the public." *Id.* at 887 (emphasis added).

In *Stone,* the defendants were arrested either on the sidewalk outside the building or in the hallway of the building. The arrests occurred at the beginning of the work day. As a result, *Stone* says "a person who enters an area open to the public at a reasonable time and in a reasonable manner, has the implied consent of the owner to enter the premises." *Id.* at 888.

■ Here, defendant did not have the implied consent of the owner to enter the premises. First, unlike in *Stone,* it is clear the "no trespassing" signs were located at both entries to the parking lot and defendant had to pass them to get to the dumpster. Second, the owner testified he had denied her permission to enter the parking lot. Third, the owner had obtained two injunctions to keep defendant off the property. Fourth, defendant had been arrested "numerous times" for trespassing on this property.

Further, defendant was not on the property at a reasonable time; she was there at 9:30 at night when the building was closed. There was sufficient evidence from which the trial court could conclude defendant did not have either implied or express consent to be on the parking lot.

Defendant's first point is denied.

### III.  Validity of Ordinance

■ In her second point, defendant contends the county ordinance is "invalid, null and void because it is in conflict with state law." She argues that for the ordinance to be valid, the county must either require knowing conduct or eliminate imprisonment.

The county ordinance, § 716.150 SLCRO, under which defendant was prosecuted reads:

No person without lawful authority or without the expressed or implied consent of the owner or his agent, shall enter any building or enter on any enclosed or improved real estate, lot or parcel of ground in St. Louis County; or being upon the land of another shall fail or refuse to leave the same when requested so to do by the person lawfully in possession thereof, his agent or representative.

Our state has two trespass offenses. "A person commits the crime of trespass in the first degree if he knowingly enters unlawfully or knowingly remains unlawfully in a building or inhabitable structure or upon real property." § 569.140.* "A person commits the offense of trespass in the second degree if he enters unlawfully upon real property of another." § 569.150.

We first address defendant's contention the ordinance "must include as an element of the offense that the Defendant acted knowingly. Absent such a requirement, the ordinance is in conflict with § 569.140."

We disagree. In *Kansas City v. LaRose,* 524 S.W.2d 112 (Mo. banc 1975), a similar argument was presented to our supreme court. There, "the statute requires that the act be knowingly and willfully done and the ordinance does not contain those words." *Id.* at 117. The court upheld the ordinance, finding "no conflict exists which would invalidate the ordinance." *Id.*

The *LaRose* court quoted with approval a comment from a respected text writer. " 'The fact that state law penalizes only willful violations and that local law does not require proof of willfulness does not make the local inconsistent with the state law.' Vol. 6 McQuillin, Municipal Corporations, 3rd Ed. Sec. 23.07, p. 423." *Id.* at 118.

■ If we found the ordinance conflicted with statutory first degree trespass, defendant argues the punishment of the ordinance would exceed the punishment permitted for second degree trespass, thereby making the ordinance invalid. Her argument fails for two reasons. First, the ordinance is not invalid as being in conflict with statutory first degree trespass. Second, that second degree trespass is an infraction does not prevent the county from establish-

---

* All statutory references are to RSMo 1986.

ing a higher penalty, so long as it has been granted the authority by the General Assembly. *See City of St. Louis v. De Lassus,* 104 S.W. 12, 13 (Mo.Div. 2 1907); *Kansas City v. Crawford,* 456 S.W.2d 587, 590 (Mo.App.W.D.1970). Section 66.080 permits St. Louis County, for violations of its ordinances, to assess a fine of not more than $1,000.00 or punishment not to exceed one year, or both.

Defendant's second point is denied.

The judgment is affirmed.

PUDLOWSKI, P.J., and KAROHL, J., concur.