**ST. LOUIS COUNTY, Respondent,**

v.

**Diane STONE, Carol Armstrong, Vincent F. Arentsen and Edwin F. Arentsen, Appellants.**

**No. 62681.**

Missouri Court of Appeals,
Eastern District,
Division One.

May 18, 1993.

Daniel J. Bruntrager, St. Louis, for appellants.

Robert E. Fox, Jr., Cynthia L. Kieschnick, Clayton, for respondent.

CRIST, Judge.

Diane Stone, Carol Armstrong, and Vincent and Edwin Arentsen, Defendants, challenge the sufficiency of the evidence to support their convictions for trespassing in violation of § 716.150 of the St. Louis County Revised Ordinances. We affirm.

Regency Park Center is a single-level office complex housing various offices including an abortion clinic. On April 15, 1991, Defendants were walking north and south along the property of the Regency Park Center. As a man and a woman approached the office building, Defendants walked onto the property past a no trespassing sign. They moved in front of the couple, blocking access to the office building. Defendant Armstrong laid down in front of the doorway.

Each Defendant had previously been told to leave Regency Park Center by an employee of the abortion clinic and by police. Each Defendant had previously been convicted for trespassing at the same location prior to April 15, 1991. A no trespassing sign, 2½ feet by 1½ feet, was posted at the northwest corner of the Regency Park property. The sign essentially stated, "No trespassing, only tenants and their invitees."

In their only point relied on, Defendants contend:

the evidence was insufficient to prove beyond a reasonable doubt [Defendants] were guilty of the county ordinance of trespass since there was insufficient evidence to prove [Defendants] entered the property without the express or implied consent of the owner.

On review, we consider the record in the light most favorable to the judgment and affirm if there is substantial evidence to reasonably support a submissible case of trespass. *St. Louis County v. Stone*, 776 S.W.2d 885, 887 (Mo.App.1989).

§ 716.150 SLCRO states:

No person without lawful authority, or without the expressed or implied consent of the owner or his agent, shall enter any building or enter on any enclosed or improved real estate, lot or parcel of ground in St. Louis County; or being upon the land of another, shall fail or refuse to leave the same when requested so to do by the person lawfully in possession thereof, his agent or representative.

The informations of the four Defendants were substantially similar. Each charged a particular Defendant:

entered upon the property, Regency Park Center, without the expressed or implied consent of the owner, Alfred Fleischer . . .

Defendants specifically complain the evidence could not establish (1) Defendants' entry onto the property was not consensual, and (2) Alfred Fleischer or his agent told Defendants not to enter the property on this particular occasion.

Defendants did not enter the office building but were arrested on the sidewalk connecting the parking lot to the building. When a portion of a business, or public facility is open to the public, a person who enters that common area at a reasonable time and in a reasonable manner has the implied consent of the owner to enter the premises. *Stone*, 776 S.W.2d at 888[3]. "So long as there is no substantial evidence of the stay being prolonged, boisterous conduct, breach of the peace, *blocking of entranceways, interference with the public*, picketing, or other conduct which would revoke the implied consent of the owner by acts inconsistent with the purposes of the business or facility, there is no trespass until such conduct by the person occurs or the person is requested to leave by an agent or representative of the owner or possessor and refuses to do so." *Id.* (emphasis added).

We have no doubt the evidence could have supported Defendants' implied con-

sent to be on the property was revoked when they blocked the couple attempting to enter the clinic. *See Id.* However, the information charges only that Defendants had no consent when entering onto the property. Thus, we must consider whether Defendants were trespassing when they entered the property.

Officer Kenneth Heyer testified he had told all of the Defendants except Defendant Stone to leave the Regency Park property on previous occasions. He stated he witnessed numerous other officers asking Defendants to leave the property on prior occasions. An employee of the clinic testified she previously had asked each Defendant to leave on numerous occasions: Edwin Arentsen 100 times, Vince Arentsen 60 times, Carol Armstrong 100 times, and Diane Stone 90 times. Signs were posted at the entrance to Regency Park property stating only tenants and invitees were allowed on the property. Defendants walked past these signs as they entered onto the property. Additionally, an injunction with essentially the same restriction as the no trespassing signs had been issued and was posted on the door to the building.

■ Various convictions of Defendants for previous trespasses on Regency Park property were also entered into evidence. The transcript does not provide us with a complete description of these convictions, and Defendants did not provide us with these exhibits on appeal. Where evidence is omitted from the record, we view the evidence as favorable to the trial court's ruling and unfavorable to the appellant. *See Delf v. Cartwright,* 651 S.W.2d 622, 623[3] (Mo.App.1983).

■ Taken together, this evidence is sufficient to show these four Defendants had notice they were not allowed to enter onto the property on this occasion. Defendants (1) were not invitees of the tenants, (2) all had been told to leave Regency Park property at least 60 times, and (3) had previously been convicted of being on Regency Park property without consent. *See St. Louis County v. McDonald,* 804 S.W.2d 759, 762[3] (Mo.App.1990).

Further, even without this evidence, the record is sufficient to show Defendants had no consent to come onto the property on this occasion. A police officer testified Defendants were "walking north and south along the property of the Regency Park Center—at the entrance to the Regency Park Center near Consort Drive" when a car pulled onto the parking lot. A man and a woman got out and began to walk toward the south entrance of the office building where the police officer was standing. At that point, Defendants "walked past a no trespassing sign toward [the officer] onto the property of the Regency Park Center." Defendants stopped in front of the police officer who was just a few feet from the doorway. By standing between the couple and the officer, Defendants physically blocked the couple from reaching the front door.

Defendants' entry onto the property was part of a single, continuous act to prevent the couple who had just arrived from entering the building. Thus, their ingress was non-consensual, *ab initio. See Stone,* 776 S.W.2d at 888[3]. We distinguish *Stone* where the defendants, who were also arrested in a portion of Regency Park open to the public, did not do anything to interfere with the operations of the businesses. *Id.* at 889[5].

We find no merit in Defendants' second contention the evidence was insufficient to show the owner or the owner's agent did not communicate to Defendants that they were not allowed on the property. "Agency may be created by implication from facts and circumstances for which the principal is responsible, facts giving rise to the implication that the principal intended to create the agency." *Houston v. Groth Enterprises, Inc.,* 670 S.W.2d 178, 180[6] (Mo.App.1984).

An employee testified Alfred Fleischer, Sr., owned Regency Park. It is reasonable to infer the no trespassing sign on Regency Park property was erected at Fleischer's direction. Further, as we have stated, any implied consent Defendants may have had was revoked, *ab initio,* by their interference with the operations of Regency Park.

We find substantial evidence Defendants in this case entered the property non-consensually.

The judgment of the trial court is affirmed.

AHRENS, P.J., and REINHARD, J., concur.