38 ■ 

**STATE of Missouri, Respondent,**

v.

**Brian D. McGUIRE, Appellant.**

No. 68830.

Missouri Court of Appeals,
Eastern District,
Division One.

June 11, 1996.

Brian G. Thomas, Columbia, for appellant.

Randall M. England, Asst. Pros. Atty., Audrain County, Mexico, for respondent.

KAROHL, Judge.

Brian D. McGuire (defendant) appeals after sentence for assault of a law enforcement officer, third degree, § 565.083.1(3) RSMo 1994. He was sentenced to thirty days imprisonment. We reverse and order defendant discharged.

On April 17, 1995, Officer Matt Wolfe received a call for noise disturbance at a particular residence. He went to the residence and observed three men, one of whom later identified as defendant, working on a pickup truck parked in the driveway. The owner of the truck informed Officer Wolfe he was attempting to fix the vehicle because it flooded. The officer informed the men of noise complaints and told them to quiet down. The officer then left.

Within a few minutes Officer Wolfe received another call for noise disturbance at the same residence. The officer went back to the residence and found defendant and another man. The officer informed the men of the complaints. Defendant then walked up to the officer with his wrists together and said, "Just arrest me now." He became belligerent, shouted obscenities and taunted the officer. Defendant poked the officer in the chest with his index finger and stated, "Well, are you going to arrest me now." The officer immediately pushed defendant back towards the truck. He noticed defendant was "very" intoxicated.

In the meantime, another officer arrived at the scene and observed the incident. Defendant poked Officer Wolfe a second time, then requested to be arrested. Officer Wolfe said, "If you do that again, I am going to arrest you. I'll have something to arrest you for." Defendant poked the officer a third time. At that time, Officer Wolfe side-stepped defendant, threw him to the ground and placed him under arrest.

Defendant testified he did not cause any disturbance and claimed the officers were

trying to hassle him. He admitted he poked Officer Wolfe, but only after Officer Wolfe pushed him against the truck. He testified Officer Wolfe immediately threw him to the ground, hand-cuffed him, then kicked him on his side.

The trial court found defendant guilty of the charged crime and sentenced him to 30 days in jail.

■ Defendant raises two points on appeal. We address these points in tandem since they are interrelated. He contends there is insufficient evidence to support a finding of an apprehension of immediate physical injury. Particularly, he claims the testimony of Officer Wolfe did not support the charge brought under § 565.083.1(3) RSMo 1994.

■ In a bench-tried case, we determine whether substantial evidence supported the judgment. *St. Louis County v. McDonald,* 804 S.W.2d 759, 760 (Mo.App.1990). We review all evidence and inferences in the light most favorable to the state and disregard evidence and inferences to the contrary. *Id.*

Under § 565.083.1(3) RSMo 1994:

1. A person commits the crime of assault of a law enforcement officer in the third degree if:

 \* \* \* \* \* \*

(3) He purposely places a law enforcement officer in apprehension of immediate physical injury.

The information charged defendant with assaulting a law enforcement officer in the third degree when he "purposely placed Matt Wolfe, a law enforcement officer in apprehension of immediate physical injury by poking him in the chest and then rushing at him and cursing him."

On direct examination, Officer Wolfe testified to the following:

Q. [by prosecutor:] And did anything happen with you and Mr. McGuire?

A. [Officer Wolfe:] Yes. He was very intoxicated and continued to be very loud. He was leaning against the left side of the bed of the truck, back towards the tailgate area. And he kept putting his hands together, saying, "Just arrest me now." And

I said, "Hey, I don't"—you know, "I don't have anything to arrest for unless the complainant wants to sign a complaint for peace disturbance." And at that point, I hadn't contacted the complainant yet.

And then he poked me in the chest once and said something about, "Well, are you going to arrest me now," you know. And I—It was pouring down rain. I pushed him backwards, you know, just gently pushed him back towards the truck to where [he] could lean on it. And I said, you know, "Stay where you are. Don't do that again."

And he immediately did it again. And I pushed him back a second time. And I told him, I said, "If you do that again, I am going to arrest you. I'll have something to arrest you for."

And the third time he basically ran at me, which, you know, the distance was probably five feet.

 \* \* \* \* \* \*

Q. Okay. When—What did you do when he rushed at you?

A. I—I was expecting it. I was anticipating him coming at me, and I basically knew what I was going to do. I just put my arm underneath his armpit and took him to the ground, and—and that was basically it.

Q. Okay. *How did he rush at you?*

A. *With his finger out again, like he was going to do the same thing again.* (Our emphasis).

We find Officer Wolfe's testimony did not support a finding he was ever placed in "apprehension of immediate physical injury." Apprehend means, "To take hold of, whether with the mind (as to conceive, believe, fear, dread, understand, be conscious or sensible of), or actually and bodily (as to seize or arrest a person)." Black's Law Dictionary 101 (6th ed.1990). Office Wolfe testified defendant poked him in the chest with his index finger. He "anticipated" defendant would do it again. Defendant "rushed" at him with his finger "like he was going to do the same thing again." Officer Wolfe never spoke or acted in a manner which would support a finding he believed or feared "immediate

physical injury" from a finger poke to the chest. He was a trained and experienced law enforcement officer with another officer present at the scene to assist him as a back-up.

Moreover, there is no evidence of immediate physical injury from a poke to the chest. Under § 556.061 RSMo 1994, " '**Physical injury**' means physical pain, illness, or any impairment of physical condition." Defendant had nothing in his hands (*i.e., gun, knife or any other weapon*). He did not hit, kick, push, or swing at the officer. Instead, he poked him in the chest and attempted to do "the same thing again."

There is no question the state's evidence supported a finding defendant was guilty of "knowingly caus[ing] or attempt[ing] to cause physical contact with a law enforcement officer without the consent of the law enforcement officer." *See* § 565.083.1(5) RSMo 1994. However, the state did not charge or argue a violation of § 565.083.1(5) RSMo 1994.

The evidence was insufficient to support a finding Officer Wolfe ever apprehended immediate physical injury; an essential element of the charged crime.

The judgment is reversed and defendant is order discharged.

REINHARD, P.J., and GRIMM, J., concur.