**Jerald GROSSMAN, et ux., Appellant,**

v.

**Steve ST. JOHN, et ux., Respondent.**

**No. WD 71882.**

Missouri Court of Appeals,
Western District.

Nov. 2, 2010.

Alan M. Dietchman, for Appellant.

Salvatore J. Mirabile, for Respondent.

Before Division Two: JOSEPH M. ELLIS, Presiding Judge, ALOK AHUJA, Judge and KAREN KING MITCHELL, Judge.

JOSEPH M. ELLIS, Judge.

Jerald and Jilana Grossman (the Grossmans) appeal from the trial court's judgment denying their petition for injunctive relief and damages after their neighbors, Steve and Vicki St. John (the St. Johns) erected a fence on the Grossmans' property. We reverse the trial court's judgment.

The Grossmans lived in their current home since 1988. In 1994, the Grossmans erected a six-foot privacy fence around a portion of their backyard, leaving nine feet of their property in the rear excluded from the fence. This area of property is now the area in dispute.

At trial, Jerald Grossman testified that they excluded the disputed area because a culvert and numerous trees made it difficult to build a fence in a straight line along the property line. In 2003, the fence was destroyed by a tornado but was replaced along the same line. Jerald Grossman testified that he maintained the disputed area of property until 2004 when the St. Johns moved into their house, which was directly behind the Grossmans' property. From 2004 on, the St. Johns maintained the property.

As soon as the St. Johns moved into their home, they cleared out debris from the disputed area and laid sod on their backyard and on the disputed area of property. Additionally, during the first four years they lived there, they put up concrete benches, lights, bushes, and small trees on the disputed area. The St. Johns also removed a tree from the disputed area. Steve St. John testified at trial that the Grossmans never said anything to him or his wife about maintaining the area or placing objects on the area, and the St. Johns never asked for permission to engage in these actions on the property in dispute.

In August 2008, the St. Johns erected a fence around their backyard and the disputed area. Despite attempts to talk with the Grossmans about attaching onto the Grossmans' fence, the St. Johns were unable to reach the Grossmans and began erecting the fence. At trial, Vicki St. John testified that when the fence was being constructed, the Grossmans' son had asked a worker not to touch the Grossmans' fence. Accordingly, Vicki St. John testified that they built their fence approximately five inches away from the Grossmans' fence.[1] The St. Johns maintained that when they were taking care of the disputed property and when they built their fence, they were not aware that the property belonged to the Grossmans but only knew that there was an easement affecting the area. However, the property survey entered into evidence at trial showed the disputed area belonged to the Grossmans.

On March 16, 2009, the Grossmans filed a petition for an injunction and damages and contended that the St. Johns trespassed on their property. The St. Johns answered and filed a counter-claim alleging damages of $1,690 for maintenance and repairs of the property in dispute. After a bench-trial, the trial court entered judgment in favor of the St. Johns on the Grossmans' petition and entered judgment in favor of the Grossmans on the St. Johns' counter-claim. The Grossmans filed a motion to amend and a motion for a new trial, which were denied.

The Grossmans now appeal and contend that the trial court's judgment was erroneous because it was against the weight of the evidence when the undisputed evidence was that the St. Johns erected a fence on the Grossmans' property without authority or permission. The St. Johns have not appealed the judgment on their counter-claim.

We affirm a court-tried judgment "unless there is no substantial evidence to support it, unless it is against the weight of the evidence, unless it erroneously declares the law, or unless it erroneously

---

**1.** This testimony was disputed at trial and Jerald Grossman testified that the St. Johns's fence was built only one inch away from their fence.

applies the law." *Murphy v. Carron*, 536 S.W.2d 30, 32 (Mo. banc 1976). In determining the sufficiency of the evidence, we "accept as true the evidence and inferences from the evidence that are favorable to the trial court's decree" and we disregard all contrary evidence. *Watson v. Mense*, 298 S.W.3d 521, 526 (Mo. banc 2009). Further, we exercise caution when setting aside a judgment on the ground that it is against the weight of the evidence and only do so with a firm belief that the judgment is wrong. *Murphy*, 536 S.W.2d at 32.

 "Trespass is the unauthorized entry by a person upon the land of another, regardless of the degree of force used, even if no damage is done, or the injury is slight." *Ogg v. Mediacom, L.L.C.*, 142 S.W.3d 801, 807 (Mo.App. W.D.2004) (internal quotation omitted). Liability for trespass exists "whether or not [the trespass was] done in good faith and with reasonable care, in ignorance, or under mistake of law or fact." *Kitterman v. Simrall*, 924 S.W.2d 872, 878 (Mo.App. W.D.1996). "In Missouri consent to trespass may be implied from conduct." *Sinopole v. Morris*, 743 S.W.2d 81, 86 (Mo.App. E.D.1987). "Implied consent may be shown from custom, usage or conduct, and it continues until revoked...." *St. Louis County v. Stone*, 776 S.W.2d 885, 889 (Mo. App. E.D.1989).

 On appeal, the St. Johns contend that the Grossmans implicitly consented to the St. Johns' actions on the disputed property. Jerald Grossman testified that he and his wife knew that the St. Johns put solar lights, plants, and concrete benches on the disputed property but did not ask them to remove the items because "[i]t wasn't bothering us ... we just let them use it." Because the Grossmans were aware that the St. Johns were using and maintaining their property and never objected to such conduct, their consent to such use and maintenance was implied.

 Nonetheless, as stated *supra*, implied consent continues until revoked. *Id.* Further, "[b]oth entering land wrongfully and entering land with consent or license and exceeding the scope of that consent or license constitute a trespass." *McNamee v. Garner*, 624 S.W.2d 867, 868 (Mo.App. E.D.1981). "[T]here is no trespass until ... the person is requested to leave by an agent or representative of the owner or possessor and refuses to do so." *St. Louis County*, 776 S.W.2d at 888.

While the Grossmans impliedly consented to the St. Johns' use and maintenance of the property, it cannot be inferred or implied that they consented to the construction of the St. Johns' fence. Once the St. Johns began erecting their fence, the previous implied consent was exceeded in scope. Moreover, on September 24, 2008, the Grossmans' attorney wrote to the St. Johns requesting they remove the fence from the Grossmans' property. At that point, the St. Johns had been asked to leave the property and refused to do so.

 In addition, it cannot be inferred that the trial court entered judgment for the St. Johns because it found that the Grossmans suffered no damages. For trespass, "the law simply presumes that damage resulted." *Simpkins v. Ryder Freight Sys., Inc.*, 855 S.W.2d 416, 422 (Mo.App. W.D.1993). Accordingly, the proof of trespass entitles the victim to damages. If there is no actual "present loss of any measurable kind, ... nominal damages are recoverable." *Id.* at 423. On the other hand, actual damages must be proven. *Id.* In this case, evidence of actual damages was presented.

Accordingly, the trial court's judgment in favor of the St. Johns on the Grossmans' petition seeking an injunction and damages

was against the weight of the evidence and was erroneous. The trial court's judgment on the Grossmans' petition is reversed, and the cause is remanded for further proceedings not inconsistent with this opinion.

All concur.