

# In the Missouri Court of Appeals
# Eastern District

## DIVISION THREE

| | | |
|---|---|---|
| PATRICK W. BELLINGER | ) | ED101313 |
| | ) | |
| Appellant, | ) | Appeal from the Circuit Court |
| | ) | of Lincoln County |
| vs. | ) | 11L6-AC00511-01 |
| | ) | |
| KEITH LINDSEY and | ) | Honorable Christine K. Mennemeyer |
| OLIVIA LINDSEY, | ) | |
| | ) | |
| Respondents. | ) | Filed: April 28, 2015 |

### Introduction

Patrick W. Bellinger (Bellinger) appeals from the trial court's judgment denying his petition for declaratory judgment, permanent injunction, abatement of nuisances, removal of encroachments, and damages against Keith and Olivia Lindsey (the Lindseys). He asserts the trial court erred in ruling the restrictive covenants were invalid and in finding no trespass occurred. Because there is no final, appealable judgment, Bellinger's appeal is dismissed.[1]

### Background

Bellinger was the majority owner of the lots within the Highland Trails subdivision, located in Lincoln County, Missouri. In 2011, Bellinger filed a petition for declaratory judgment and permanent injunction against the Lindseys, the owners of Lot 12 of the Highland Trails

---

[1] Appellant's motion to dismiss Respondent's brief on appeal is denied.

subdivision, alleging numerous violations of the subdivision's covenants, conditions, and restrictions (restrictive covenants). The Lindseys denied all of the allegations and filed a counterclaim for *quantum meruit*, seeking $80,082.00 for the value of performing maintenance work on Bellinger's property. Bellinger then filed an amended four-count petition raising multiple claims, some addressing violations of the restrictive covenants and some addressing other actions by the Lindseys. Specifically, he sought an order declaring that the Lindseys had violated the restrictive covenants (Count I); permanent injunction, abatement of nuisances, and removal of encroachments stemming both from violations of the restrictive covenants and from the construction of buildings and structures on Bellinger's land and the subdivision's common grounds (Count II); actual and punitive damages for damage to the dam, lake, and common grounds (Count III); and actual and punitive damages for trespass and conversion from the Lindseys' construction of buildings and structures on Bellinger's property and the subdivision's common grounds (Count IV).

At a bench trial on the parties' claims, Bellinger introduced photographs showing multiple alleged violations of the restrictive covenants by the Lindseys. He testified the Lindseys had caused "well over" $150,000 in damages to the lake and dam. For his nuisance claim, he asserted the Lindseys had a large pile of debris, including asbestos and plastic, in a burn pile on their property, which was unattractive and would cause pollution. For his trespass, conversion, and encroachment claims, he testified he had hired a surveyor to come to the property, and the survey showed the Lindseys had placed or built a trailer, a four-wheel ATV off-road vehicle, a motor boat, a fuel tank, "metal stuff," two outbuildings, a chicken coop, and a pig enclosure on Bellinger's property.

2

Bellinger asserted these ongoing violations, nuisances, and encroachments diminished the value of his surrounding properties in the subdivision, and had hindered his ability to move forward with developing the rest of the subdivision. He requested the court order the Lindseys to remove the encroaching buildings, abate the nuisances, and stop the existing violations of the restrictive covenants; and he requested actual and punitive damages.

Keith Lindsey (Mr. Lindsey) conceded various actions that constituted violations of the restrictive covenants and conceded he had a burn pile, but denied damaging the lake or dam. To rebut the charges of trespass and conversion, the Lindseys' counsel showed Mr. Lindsey Plaintiff's Exhibit 12, a series of photographs purporting to show trespasses onto Bellinger's property. Mr. Lindsey identified the pictures as of two of his sheds, his lawn mower, his son's motor boat, his son's barbeque pit, and his son's camper. He then testified the motor boat, barbeque pit, and camper had been removed. Olivia Lindsey testified the two sheds were affixed to the land, in that they were bolted to cinder blocks buried in the ground. The Lindseys did not deny that the sheds were on Bellinger's property.

The trial court denied Bellinger's petition, concluding the restrictive covenants were invalid and unenforceable because the document neither included an accurate legal description for the subdivision nor attached a plat describing the property, and thus a subsequent purchaser could not reference them. Without enforceable restrictive covenants, the trial court denied all of Bellinger's claimed damages. As well, the trial court denied the Lindseys' counterclaim for *quantum meruit*.

Bellinger filed a motion for rehearing, arguing the trial court's judgment did not dispose of his claims for trespass, conversion, damage to the lake, and nuisance, which were independent from his claims regarding the restrictive covenants. The trial court denied Bellinger's motion.

3

The court stated it had not addressed Bellinger's claims of trespass in the judgment because Bellinger had not proved trespass at trial, in that the restrictive covenants, while invalid, and the plat gave the Lindseys the belief they could use the lake and common areas. Thus, the Lindseys "would not be trespassing by doing the actions described at trial." Last, the court noted its judgment had not itemized damages to Bellinger's property or lake, because the court had found Bellinger did not prove those damages. This appeal follows.

## Discussion

Before we consider the merits of a case, we must first, *sua sponte*, determine whether we have the authority to decide the case. Cooling v. Mo. Dep't of Soc. Servs., Family Support Div., 446 S.W.3d 283, 285-86 (Mo. App. E.D. 2014). Without a final judgment, we do not have authority to hear this case. A final judgment is one that disposes of all parties and issues in a case. Id.; Rule 74.01(b). "[A] judgment that resolves fewer than all legal issues as to any single 'claim for relief' is not final, regardless of the trial court's designation." Buemi v. Kerckhoff, 359 S.W.3d 16, 21-22 (Mo. banc 2011). Each claim that requires proof of different facts and the application of distinguishable law must be addressed separately. See id. at 22 (citing Comm. for Educ. Equality v. State, 878 S.W.2d 446, 451 (Mo. banc 1994)).

Missouri Rule of Civil Procedure 74.01(b) allows an exception to the final judgment requirement in cases involving several claims for relief, stating "the court may enter a judgment as to one or more but fewer than all of the claims or parties only upon an express determination that there is no just reason for delay." Mo. R. Civ. P. 74.01(b); Blackwell v. CSF Properties 2 LLC, 443 S.W.3d 711, 715 (Mo. App. E.D. 2014). Here, however, the trial court did not certify the partial judgment for appeal under Rule 74.01(b).

4

The trial court's judgment here is not a final judgment, because it did not resolve at least one claim for relief. See Blackwell, 443 S.W.3d at 715. In Counts I and III, Bellinger sought injunctive relief and damages based on violations of the restrictive covenants, and harm to the dam, lake, and common areas, which the trial court disposed of. In Counts II and IV, however, Bellinger also sought relief for claims of nuisance, trespass onto his property, and conversion. The trial court did not address these claims.

In Count II, Bellinger sought a permanent injunction, abatement of nuisances, and removal of encroachments stemming *both* from violations of the restrictive covenants and from the construction of "buildings or other structures ... outside their property lines so as to encroach on [Bellinger's] lands and the subdivision common areas." At trial, Bellinger testified and introduced photograph evidence demonstrating the Lindseys had built two sheds, a chicken coop, and a pig enclosure on his property. The Lindseys did not contradict this testimony. Moreover, Bellinger testified, and Mr. Lindsey agreed, he had a large burn pile on his property.

The trial court did not make factual findings on Bellinger's claims for trespass onto his property, conversion, or nuisance, and the court did not grant or deny the requested relief. We note that while the court's order denying the motion for rehearing tangentially addressed the issue of trespass, finding none on the lake and common grounds, it did not address the alleged encroachments onto properties owned by Bellinger. While we can characterize a judgment as final where a decision on one claim implicitly disposes of the other claim, see First Community Credit Union v. Levison, 395 S.W.3d 571, 577 (Mo. App. E.D. 2013), that is not the case here. Bellinger's claims for a permanent injunction, abatement of nuisances, and removal of encroachments arose from different facts. The claims for a permanent injunction arose from violations of the restrictive covenants, but the request for abatement of nuisance arose from the

5

Lindseys' burn pile and the request for removal of encroachments arose from the construction of buildings and structures on *both* the common grounds and on his property. See Buemi, 359 S.W.3d at 21-22 (claims requiring different proof of fact and law must be addressed separately). The trial court's judgment did not dispose of all issues raised in the pleadings and at trial.

Second, in Count IV, Bellinger sought actual and punitive damages from the asserted encroachments, contending the Lindseys' actions against and onto his property constituted both trespass and conversion of his property for their use, which interfered with his exclusive right to the quiet enjoyment of his property. The trial court denied damages, finding the Lindseys did not trespass on the lake or common grounds because they believed they had the right to use them.[2] Again, we note that the trial court did not address Bellinger's allegations of trespass and conversion stemming from the Lindseys' actions of constructing buildings and structures on his property, as opposed to on the subdivision common grounds. With these issues unresolved, there is no final appealable judgment from which to appeal.

## Conclusion

The appeal is dismissed for lack of a final, appealable judgment.

Gary M. Gaertner, Jr., Judge

Kurt S. Odenwald, P.J., concurs.
Robert G. Dowd, Jr., J., concurs.

---

[2] While we do not have authority to hear this appeal, we note for the parties' information that "liability for trespass exists 'whether or not [the trespass was] done in good faith and with reasonable care, in ignorance, or under mistake of law or fact.'" Grossman v. St. John, 323 S.W.3d 831, 834 (Mo. App. W.D. 2010). When trespass has occurred, the law presumes that damages resulted. While the plaintiff must prove actual damages, the plaintiff may still recover nominal damages even without proof of actual damages, simply upon proof of trespass. Id.

6