

# In the Missouri Court of Appeals
# Eastern District

## DIVISION FOUR

| | | |
|---|---|---|
| LUKE REYNOLDS, | ) | No. ED109902 |
| | ) | |
| Plaintiff, | ) | |
| | ) | Appeal from the Circuit Court |
| vs. | ) | of the City of St. Louis |
| | ) | |
| SAMUEL BERGER, and | ) | |
| TMF HOLDINGS, LLC, | ) | Honorable Joan L. Moriarty |
| | ) | |
| Defendants, | ) | |
| | ) | |
| LEFT HAND PRODUCTIONS, INC., | ) | |
| | ) | |
| Appellant, | ) | |
| | ) | |
| 816 GEYER, LLC, | ) | |
| | ) | |
| Intervenor, | ) | |
| | ) | |
| and | ) | |
| | ) | |
| DRESDEN CAPITAL | ) | |
| MANAGEMENT, LLC, | ) | |
| | ) | |
| Respondent. | ) | FILED: July 26, 2022 |

Left Hand Productions, Inc. ("Left Hand") appeals from the circuit court's denial of its

motion for leave to file its second amended counterclaims.  Because the appealed-from ruling is

neither "final" nor a "judgment," we must dismiss this appeal for lack of jurisdiction.

**Factual and Procedural Background**

The underlying dispute in this case arises from the ownership over Molly's in Soulard, a bar and restaurant located at 816 Geyer Avenue in St. Louis (the "Property"). Luke Reynolds was the owner and operator of Molly's. Beginning in 2009, Reynolds and Sam Berger co-owned and operated Molly's through various corporate entities. Specifically, Left Hand, an entity fully owned by Berger, joined with Reynolds to create 816 Geyer, LLC ("816 Geyer"), which Reynolds and Left Hand jointly owned. The Property was held by 816 Geyer, which leased it to TMF Holdings, LLC—another entity jointly owned by Berger and Reynolds—to operate Molly's. In 2009, 816 Geyer obtained two loans to purchase adjacent property for the purpose of expanding Molly's. The loans were secured by a deed of trust on the Property. Dresden Capital Management, LLC ("Dresden") purchased these loans in 2013.

Reynolds later filed suit against Berger and Left Hand. 816 Geyer intervened, and TMF Holdings was added as a defendant in Reynolds's Second Amended Petition. Reynolds asserted six counts: judicial dissolution of 816 Geyer and TMF Holdings (Count I); declaratory judgment relating to the membership interests in 816 Geyer (Count II); declaratory judgment relating to the validity of a promissory note and security agreement (Count III); appointment of receivers for 816 Geyer and TMF Holdings (Count IV); breach of fiduciary duty against Berger (Count V); and injunctive relief relating to management decisions of 816 Geyer (Count VI).

Berger and Left Hand asserted counterclaims against Reynolds and third-party claims against Dresden for: declaratory judgment of the membership interests in 816 Geyer (Count I, against Reynolds); tortious interference with Left Hand's business expectations (Count II, against Reynolds and Dresden); a derivative claim on behalf of TMF Holdings for breach of fiduciary duty (Count III, against Reynolds); and a derivative claim on behalf of 816 Geyer for unpaid rent (Count

IV, against Dresden and TMF Holdings). Berger and Left Hand subsequently voluntarily dismissed Counts II and IV of the counterclaims and third-party claims.

In 2014, the circuit court appointed receivers for TMF Holdings and 816 Geyer (collectively, the "Receivers"). In 2015, after the circuit court approved the sale of the Property and other assets of 816 Geyer and TMF Holdings, the Receivers sold those assets to Dresden and another corporate entity.

In July 2016, Reynolds informed the circuit court that he would be filing for bankruptcy relief. As a result, the circuit court cancelled the impending trial. Reynolds proceeded to file a petition under Chapter 7 of the bankruptcy code and a notice of bankruptcy filing in the underlying suit in this case. Reynolds did not list the underlying litigation on any schedule or in the statement of financial affairs in his bankruptcy filing, nor did he claim any exemption. In March 2017, the bankruptcy court entered its order of discharge.

The Receivers filed a petition to interplead any remaining cash on account into the circuit court's registry to determine the proper disbursement since there were conflicting liabilities. On February 26, 2018, following the bankruptcy discharge, the circuit court issued an order discharging the Receivers and approving a final accounting, in addition to a final order and judgment on Receivers' petition for interpleader (collectively, the "February 2018 Order and Judgment").

In October 2020, Left Hand filed its motion for leave to file its second amended counterclaims ("Motion for Leave"). Specifically, Left Hand sought leave to re-file its tortious interference counterclaim against Dresden (which Left Hand had previously voluntarily dismissed) and to add a claim against Dresden for fraud. Dresden opposed the Motion for Leave on the basis that the case was fully concluded by operation of the February 2018 Order and Judgment and that

the circuit court therefore no longer had jurisdiction over the matter. After a hearing, the circuit court denied Left Hand's Motion for Leave, finding in its order that all outstanding issues in the case were resolved by the February 2018 Order and Judgment and therefore "no underlying claims existed to file a counterclaim against." In July 2021, at Left Hand's request, the circuit court reissued this order and denominated it an "Order and Judgment" for purposes of appeal (the "July 2021 Order"). This appeal follows.

**Motion to Dismiss**

Dresden filed a motion to dismiss this appeal due to lack of appellate jurisdiction. This Court issued an order to show cause why the appeal should not be dismissed for lack of an appealable final judgment. Left Hand filed a response to the show cause order, and this Court ordered the motion to dismiss taken with the case.

We conclude the July 2021 Order is not an appealable final judgment, but rather is an interlocutory order on a motion for leave to file an amended pleading. Because Left Hand has no statutory right to immediately appeal this interlocutory order, we lack authority to consider this appeal. Dresden's motion to dismiss is granted.

**A. Law governing appealable final judgments**

In Missouri, "[t]he right to appeal is purely statutory and, where a statute does not give a right to appeal, no right exists." *Wilson v. City of St. Louis*, 600 S.W.3d 763, 767 (Mo. banc 2020) (quoting *First Nat'l Bank of Dieterich v. Pointe Royale Prop. Owners' Ass'n*, 515 S.W.3d 219, 221 (Mo. banc 2017)). The general statute providing for appeals in civil cases, section 512.020,[1] governs this case. That statute provides:

---

[1] All statutory references are to the Revised Statutes of Missouri (2016), unless otherwise indicated.

Any party to a suit aggrieved by any judgment of any trial court in any civil cause from which an appeal is not prohibited by the constitution, nor clearly limited in special statutory proceedings, may take his or her appeal to a court having appellate jurisdiction from any:

(1) Order granting a new trial;

(2) Order refusing to revoke, modify, or change an interlocutory order appointing a receiver or receivers, or dissolving an injunction;

(3) Order granting or denying class action certification . . . ;

(4) Interlocutory judgments in actions of partition which determine the rights of the parties; or

(5) Final judgment in the case or from any special order after final judgment in the cause; but a failure to appeal from any action or decision of the court before final judgment shall not prejudice the right of the party so failing to have the action of the trial court reviewed on an appeal taken from the final judgment in the case.

Section 512.020. The July 2021 Order does not fall within the categories listed in sections 512.020(1)-(4). Therefore, the question in this case is whether the order constitutes a "final judgment" pursuant to section 512.020(5).

For the purposes of section 512.020(5), an appealable final judgment is one that satisfies two criteria: it must be (1) a judgment and (2) final. *Wilson*, 600 S.W.3d at 771. In *Wilson*, the Supreme Court of Missouri elucidated what constitutes a "judgment" and when a judgment is "final" for purposes of appeal. *Id.* The *Wilson* Court explained that a "judgment is a legally enforceable judicial order that fully resolves at least one claim in a lawsuit and establishes all the rights and liabilities of the parties with respect to that claim." *Id.* at 768 (quoting *State ex rel. Henderson v. Asel*, 566 S.W.3d 596, 598 (Mo. banc 2019)). To satisfy this first criterion, "the judgment must be in writing, signed by the judge, and expressly denominated a judgment." *Id.* at 771 n.9 (citing Rule 74.01(a)).[2] A judgment is final if it resolves all claims—or at least the last remaining claim—by and against all parties, leaving nothing for future determination. *Id.* at 768;

---

[2] All rule references are to the Missouri Supreme Court Rules (2021).

*Buemi v. Kerckhoff*, 359 S.W.3d 16, 20 (Mo. banc 2011). "The converse of a final judgment is an interlocutory order, which is an order that is not final and decides some point or matter between the commencement and the end of a suit but does not resolve the entire controversy." *Buemi*, 359 S.W.3d at 20. As the *Wilson* Court summarized:

> [A] "final judgment" for purposes of section 512.020(5) must satisfy the following criteria. First, it must be a judgment (i.e., it must fully resolve at least one claim in a lawsuit and establish all the rights and liabilities of the parties with respect to that claim). Second, it must be "final," either because it disposes of all claims (or the last claim) in a lawsuit, or because it has been certified for immediate appeal pursuant to Rule 74.01(b).

*Wilson*, 600 S.W.3d at 771. Whether the necessary criteria for an appealable final judgment are satisfied is a question of law that depends on "the content, substance, and effect of the order," rather than the circuit court's designation. *Id.* (quoting *Gibson v. Brewer,* 952 S.W.2d 239, 244 (Mo. banc 1997)).

### B. The July 2021 Order is not an appealable final judgment

The July 2021 Order satisfies neither criterion for a "final judgment" for purposes of appeal under section 512.020(5) because it is neither a "judgment" nor "final." *See id.* at 771-73.

#### 1. The July 2021 Order is not a "judgment"

First, the July 2021 Order is not a "judgment" because it does not fully resolve any pending claim. *See id.* at 772. In denying Left Hand's Motion for Leave, the circuit court ruled only on the issue of whether Left Hand could re-file one previously dismissed counterclaim and file an additional counterclaim. That ruling did not resolve any pending claim by or against any party.

Left Hand argues that the July 2021 Order is indeed a judgment in that it resolved Count V of the Second Amended Petition, which asserted a claim for breach of fiduciary duty against Berger. Left Hand stresses that the July 2021 Order states: "at the time of the status conference [on February 26, 2018], the sole remaining claim in Plaintiff's Second Amended Petition, Count

6

V for breach of fiduciary duty, was no longer at issue following the bankruptcy discharge." According to Left Hand, this language constitutes the circuit court's resolution of Count V because it was the first time the court specifically "addressed" or "contended with" Count V. But addressing or contending with a claim is not the same as *resolving* a claim, and the latter is necessary to create a judgment. *See id.* at 768. The July 2021 Order did not *resolve* Count V; it contained no language adjudicating the rights and liabilities of the parties as to the merits of Count V, nor did it contain language indicating an intent to dismiss or otherwise resolve Count V at that time. Instead, the July 2021 Order simply—and mistakenly—stated that Count V "was no longer at issue following the bankruptcy discharge." In fact, Count V was still pending at the time the July 2021 Order was entered.

Count V remained pending at the time of the bankruptcy discharge because that claim continued to be property of the bankruptcy estate, given that it was unscheduled and there is no evidence it was otherwise administered or abandoned. *See* 11 U.S.C. section 554.[3] In 2016, while the underlying case was pending, Reynolds filed a voluntary Chapter 7 bankruptcy petition. *See* 11 U.S.C. section 301. The commencement of a bankruptcy case creates an estate that includes nearly all of the debtor's legal or equitable interests in property. 11 U.S.C. section 541(a); *In re Peoples*, 764 F.3d 817, 820 (8th Cir. 2014). This property includes causes of action. *In re Peoples*, 764 F.3d at 820. In fact, "after appointment of a trustee, a Chapter 7 debtor no longer has standing to pursue a cause of action which existed at the time the Chapter 7 petition was filed. Only the trustee, as representative of the estate, has the authority to prosecute and/or settle such causes of

---

[3] All statutory references to the U.S.C. are to the United States Code (2012).

7

action." *In re Brokaw*, 452 B.R. 770, 773 (Bankr. E.D. Mo. 2011) (alteration omitted) (quoting *Harris v. St. Louis Univ.*, 114 B.R. 647, 648 (E.D. Mo. 1990)).

"Property of the estate remains in the estate until it is administered, abandoned, or when the case closes (if the property has been disclosed)." *In re Boisaubin*, 614 B.R. 557, 562 (B.A.P. 8th Cir. 2020). The way property is handled often depends on whether it has been scheduled, i.e., listed on the proper bankruptcy schedule by the debtor. *See* 11 U.S.C. section 554. If the property was properly scheduled and was not administered by the trustee, then it is abandoned to the debtor at the close of the bankruptcy case. 11 U.S.C. section 554(c). But if the property was unscheduled and was not administered or abandoned, then it remains property of the bankruptcy estate even after the case has closed. 11 U.S.C. section 554(d); *see also In re Brokaw*, 452 B.R. at 773-75.

Here, Count V became property of the bankruptcy estate at the commencement of the case, but was unscheduled. Reynolds did not list the underlying litigation on any schedule or in the statement of financial affairs in his bankruptcy filing, nor did he claim any exemption. Because Count V of the Petition was not administered or abandoned, and was unscheduled, it remained property of the bankruptcy estate at the close of Reynolds's bankruptcy case. *See* 11 U.S.C. section 554(d); *In re Stevens*, 15 F.4th 1214, 1219 (9th Cir. 2021); *In re Brokaw*, 452 B.R. at 773-75; *Harris*, 114 B.R. at 649. There is nothing in the record showing that the trustee has dismissed, settled or otherwise resolved Count V. That count remained pending and unresolved at the time of the March 2017 bankruptcy discharge.

Count V also remained pending past the entry of the February 2018 Order and Judgment. That Order and Judgment did not explicitly resolve or specifically mention Count V, and we reject Dresden's argument that Count V was resolved by implication therein. "If a judgment, by implication, necessarily carries with it a finding upon other counts, the judgment will be sustained

8

as final even though the count is not specifically mentioned." *Jefferson v. Am. Fin. Grp., Inc.*, 163 S.W.3d 485, 487 n.2 (Mo. App. E.D. 2005). Here, the Order and Judgment discharged the Receivers and approved a final accounting of the related funds, and therefore only implicated the claims relating to the ownership interests in, and management and assets of, 816 Geyer and TMF Holdings. Count V was a personal claim asserted by Reynolds against Berger individually for breach of fiduciary duty; it sought damages from Berger individually. The corporate entities, their receiverships and their interpleaded funds were not implicated by the breach of fiduciary duty claim against Berger as asserted in Count V. Therefore, Count V was not implicitly resolved by the February 2018 Order and Judgment. *See Bellinger v. Lindsey*, 480 S.W.3d 345, 348 (Mo. App. E.D. 2015).

Given the above, and without any evidence in the record to the contrary, we conclude that Count V of the Second Amended Petition was pending past the 2017 bankruptcy discharge and the entry of the February 2018 Order and Judgment, and remained unresolved at the time the circuit court entered the July 2021 Order. We find no language in the July 2021 Order that resolved any pending claim against any party, including Count V. Accordingly, the July 2021 Order is not a "judgment."

### 2. The July 2021 Order is not "final"

Second, the July 2021 Order is not "final" because it did not dispose of any claim, let alone the last pending claim in the lawsuit: Count V. It is of no import that the circuit court and the parties believed the case to have been closed and fully resolved, as evidenced by language in the July 2021 Order that "[i]t was the understanding of the Court following discussions with counsel at the [February 2018] status conference that all pending matters in the case were resolved through the two orders entered on that date in the case and that the case was to be closed." Where all claims

9

in a case are not legally resolved, a court's or a party's mistaken belief that the claims had been resolved has no effect on whether a "final judgment" exists. *See, e.g.*, *Shirkey v. Guar. Tr. Life Ins. Co.*, 196 S.W.3d 43, 44 (Mo. App. W.D. 2005) (finding no appealable final judgment due to unresolved outstanding claim, despite order stating trial court had "affirmatively disposed of **all** claims pending on the date of [j]udgment" and was therefore "without jurisdiction to consider a [m]otion which suggests that there are any pending claims in this cause of action"); *see also Randolph v. City of Kansas City*, 599 S.W.3d 517, 519-20 (Mo. App. W.D. 2020); *Sangamon Assocs. v. Carpenter 1985 Fam. P'ship*, 112 S.W.3d 112, 117 (Mo. App. W.D. 2003).

To issue an appealable final judgment in this matter, the circuit court was required to adjudicate Count V. Because Count V remains unresolved, the cause continues to be pending in the circuit court and no judgment in this case can be said to be the "final" judgment.

**C. Dismissal of this case is proper due to the absence of a final judgment**

When we lack authority to hear an appeal due to the absence of a final judgment, we must dismiss the appeal. *Bellinger*, 480 S.W.3d at 347-49; *see also Wilson*, 600 S.W.3d at 765-66. Such is the case here. The July 2021 Order did not resolve any pending claims in the underlying cause and was neither a judgment nor final; rather, it was an interlocutory order on a miscellaneous issue. Accordingly, we lack appellate jurisdiction and must dismiss this appeal. *See Wilson*, 600 S.W.3d at 773.

## Conclusion

Because we lack authority to consider the merits of this appeal due to the absence of a final judgment, we dismiss the appeal. The case is remanded for further proceedings consistent with this opinion.

_____
MICHAEL E. GARDNER, Chief Judge

10

Lisa P. Page, J., concurs.
William L. Syler, S.J., concurs.